MARCH 5, 1844.

*William P. Van Rensselaer* v. *Darius S. Griswold and Gideon P. Maxon.* J. RHOADES, for complainant.

THE CHANCELLOR. This is an application for an injunction to restrain the defendants from cutting down and carrying away wood or timber from certain wild lands belonging to the complainant in Rensselaer county, or from conveying any pretended title to the premises. The bill shows that the complainant is the owner of the land, and that Griswold, one of the defendants, both then well knowing that he, Griswold had no title to the premises, and that they belonged to the complainant, conveyed the same to the other defendant Maxson, for the purpose of casting a cloud upon the complainant's title, and to enable Maxson to set up a pretence of title to the same, under that conveyance ; and that he had procured the conveyance to be recorded.

*An injunction will not, in general, be granted to prevent the commission of a trespass or a crime.*

From the bill, I infer that the grantee in the deed is not in possession, and that the grantor was not at the time of the conveyance. Either of the acts against which the injunction is asked, would be an indictable offence, punishable by fine and imprisonment. The fifth section of the article of the revised statutes, relative to misdemeanors, makes it an indictable offence, either to buy or sell such pretended title, where the vendor or those under whom he claims has been in the actual possession of the same, &c. for the space of a year ; and the case stated in the bill comes clearly within this pro-

1

vision of the statute. And the fourteenth section of the same title of the revised statutes makes the cutting or carrying off wood or timber from premises thus situated, also an indictable misdemeanor. But this court does not interfere by injunction to prevent the commission of a mere trespass, except under very peculiar circumstances. Nor is it authorized to interfere by injunction, to prevent the commission of a crime merely. If the defendants or either of them, take possession of the land, or assert a claim thereto, for which an ejectment will lie, this Court, after the commencement of a suit at law by the complainant, may interfere, if necessary, to stay waste pending the litigation. And the court of law also, may grant an order staying the commission of farther waste. *(2 R. S. 336, § 18.)*

Whether the bill can be sustained as a bill for relief, to remove the cloud which the defendants have improperly attempted to cast upon the complainant's title, and to recover the costs of the suit for that purpose, is a question which it is not necessary to decide upon an application for an injunction. The proper time to decide that question, is at the hearing, or upon the argument of a demurrer to the bill, if the defendants think proper to raise the question in that form. It is sufficient now to say, that although the allegations in the bill show the actual commission of an indictable offence, and that the complainant apprehends the defendants will commit others, he does not make out a case entitling him to a preliminary injunction. The application must therefore be denied.